**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

JORDAN DUPREE COLLINS,

Petitioner,

v.

COMMANDER SHEILA LARSON,

Respondent.

Case No. 26-CV-3274 (ECT/JFD)

**REPORT AND RECOMMENDATION**

---

On June 5, 2026, the United States District Court for the District of Minnesota received a letter from Jordan Dupree Collins, who is currently awaiting trial in state court on second-degree murder charges. *See Collins v. Street*, No. 26-CV-2870 (ECT/DLM) (D. Minn.) (hereinafter "*Collins I*"). In the letter, Mr. Collins raised several arguments regarding the legality of the ongoing state-court prosecution. Although not expressly labeled as a petition for a writ of habeas corpus, the letter submitted by Mr. Collins appeared to be seeking habeas corpus relief, and therefore the letter was treated as though it were a habeas petition. *See Collins I*, No. 26-CV-2870 (ECT/DLM), Dkt. No. 10 (D. Minn. July 20, 2026).

The letter-turned-petition was reviewed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts[1] and was denied without prejudice

[1] Mr. Collins is not detained pursuant to a state-court judgment, and thus his habeas petition was not brought under 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases could nevertheless be applied to his petition—just as they can be applied to *this* action. *See* Rule 1(b).

pursuant to that review. *Id.*; *Collins I*, No. 26-CV-2870 (ECT/DLM), Dkt. No. 11 (D. Minn. Aug. 17, 2026). For the most part, a pretrial detainee may not use a habeas petition as a vehicle for challenging the validity of an ongoing state-court prosecution. Most of Mr. Collins's habeas petition fell within that prohibition. Mr. Collins did contend that his speedy-trial rights had been violated, and speedy-trial claims are among the few that may be presented to a federal court while a state-court prosecution is ongoing, but Mr. Collins was not seeking to be brought to trial more quickly; he was seeking dismissal of the criminal prosecution. As the court explained in *Collins I*, "'a pretrial habeas detainee may invoke habeas corpus to assert speedy-trial rights only to be brought to trial quicker, not as a vehicle for challenging the validity of the ongoing proceedings wholesale.'" *Collins I*, No. 26-CV-2870 (ECT/DLM), Dkt. No. 10 at 3 (D. Minn. July 20, 2026) (citing *Swenson v. Wohlman*, No. 21-CV-0456, 2021 WL 2228460, at *2 (D. Minn. May 12, 2021)). A final potential claim related to the disposition of property upon arrest was not appropriately raised through a habeas corpus action. Accordingly, the petition was denied without prejudice and the case was dismissed.

While that action was pending, the Court received a second document from Mr. Collins: the petition for a writ of habeas corpus used to commence this action. (Dkt. No. 1.) This document—unlike the letter earlier mailed to the Court by Mr. Collins—is unambiguously labeled as being a habeas corpus petition seeking habeas corpus relief. As a practical matter, however, there is no difference between the habeas petition now before the Court and the earlier letter that was treated as a habeas petition and summarily denied.

Mr. Collins continues to want the Court to impede the ongoing criminal prosecution against him.

> This requirement of fair-presentment of claims generally requires appellate exhaustion of those claims, which in turn requires that judgment be entered in the state-court prosecution—meaning, ultimately, that state pretrial detainees usually cannot seek federal habeas relief until after they have been convicted (or, put another way, until after they have ceased being pretrial detainees).

*Abdikarim v. State*, No. 24-CV-2013 (NEB/LIB), 2024 WL 3557772, at *2 (D. Minn. June 17, 2024). This rule precludes relief on most of Mr. Collins's claims. Mr. Collins again raises a speedy-trial claim, but again, he is not seeking to be brought to trial sooner (in fact, his trial is already scheduled to begin in a few weeks), and therefore that claim is subject to the same fair-presentation requirement as the other claims. Nothing has changed between now and when the earlier case was dismissed.

Because this action suffers all the same problems as Mr. Collins's prior action, this Court recommends that the habeas petition filed in this matter also be denied without prejudice and the case dismissed. Further, because the Court does not believe that reasonable jurists would be likely to disagree with the recommended disposition of this matter, it is further recommended that Mr. Collins not be issued a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A); *Evans v. Circuit Ct. of Cook County*, 569 F.3d 665, 666 (7th Cir. 2009).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The petition for a writ of habeas corpus filed by Jordan Dupree Collins (Dkt. No. 1) be **DENIED WITHOUT PREJUDICE**;

2. This matter be **DISMISSED**;

3. No certificate of appealability be issued; and

4. Judgment be entered accordingly.

Dated: August 17, 2026

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).